812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott Stewart WORKMAN, Petitioner-Appellant,
v.
E.P. PERINI, Respondent-Appellee.
 No. 85-3441.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before KEITH and GUY, Circuit Judges; and EDGAR*, District Court.
 PER CURIAM:
 
 
 1
 Appellant Scott Workman appeals from a final order of Judge John W. Potter, United States District Court for the Northern District of Ohio, Western Division, denying habeas corpus relief under 28 U.S.C. Sec. 2254. We affirm the order of the district court.
 
 I.
 
 2
 On March 8, 1978, a jury convicted appellant of aggravated robbery and drug theft in violation of Ohio Revised Code Secs. 2911.01 and 2925.21. Appellant was sentenced to seven to twenty-five years and is presently serving the sentence in Marion Correctional Institution, Marion, Ohio.[1] On direct appeal, the Ohio Court of Appeals, Eighth District, affirmed the conviction, and the Supreme Court of Ohio overruled appellant's motion for leave to appeal.
 
 
 3
 On August 1, 1978, the state trial court denied appellant's motion for a new trial. The Ohio Court of Appeals, Eighth District, affirmed. A subsequent motion for leave to appeal was overruled by the state supreme court.
 
 
 4
 On April 11, 1979, the state trial court denied appellant's petition for post-conviction relief based on ineffective assistance of counsel. The Ohio Court of Appeals reversed and ordered an evidentiary hearing, which was held on April 2, 1981. Post-conviction relief was again denied and appellant unsuccessfully appealed to the state court of appeals and the state supreme court.
 
 
 5
 On April 20, 1981, the state trial court dismissed appellant's petition to vacate sentence. This decision was affirmed by the Ohio Appellate Court and Ohio Supreme Court.
 
 
 6
 On March 2, 1984, appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio, Western Division. The petition contained as its sole ground for relief the following:
 
 
 7
 Denial of effective assistance of counsel. Petitioner states that he presented his counsel with a specific identifiable witness who was not called to testify. The trial court would not grant a continuance in order to obtain the witness and the witness was not produced although the witness would exonerate the petitioner.
 
 
 8
 On January 15, 1985, Magistrate James Carr issued a report in which he recommended denial of the petition. On May 31, 1985, the district court issued an order adopting the report and recommendation of the magistrate.
 
 II.
 
 9
 On October 11, 1977, a white male robbed the Royalville Drug Store in Strongsville, Ohio. The store proprietor described the robber to police, and Scott Workman, whose appearance matched the description given police, was arrested. Appellant's alibi was that he was at the Wing's Club on Broadway at the time of the robbery. He further stated that an acquaintance, James Rice, had borrowed his car and was using it at the time of the robbery.
 
 
 10
 Appellant told his attorney, Paul Mancini, about Rice. However, appellant did not know Rice's address or telephone number. Appellant told his attorney of two bars in Florida which constituted the last known location of Rice. Appellant also told his attorney about Walter Hedio, a store proprietor. Appellant stated that Hedio told him that he sold paraphernalia on the day before the robbery to a man he believed to be Rice.
 
 
 11
 While on bond, and prior to trial, appellant tried to locate Rice in Florida. He was unsuccessful. Appellant was also unable to locate Hedio before trial.
 
 
 12
 After appellant's conviction, counsel received a sworn affidavit which stated that Rice had committed the robbery for which appellant was convicted. The affidavit was signed by Rice. The affidavit became the subject of a motion for a new trial in state court. After an evidentiary hearing, the motion was denied.
 
 III.
 
 13
 Appellant argues on appeal that he was denied the sixth amendment right to the effective assistance of counsel when his attorney failed to locate and subpoena Rice and Hedio. Appellant specifically argues that his trial counsel's defense strategy and tactics did not comport with prevailing professional norms. He further contends that he was prejudiced by his attorney's failure to locate the witnesses because Rice did not have to appear at a new trial when there existed witnesses who could corroborate Rice's confession. We disagree.
 
 
 14
 In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the standard governing an ineffective assistance of counsel claim. Strickland requires a defendant to meet a two-prong test. First, the defendant must prove that the performance of counsel was deficient. The proper standard for assessing attorney performance is that of reasonably effective assistance under prevailing professional norms. Id. at 688. The defendant can meet this burden by proof that errors made by counsel were so egregious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. This court has held that the standard by which performance is to be judged is as follows:
 
 
 15
 [d]efense counsel must perform at least as well as a lawyer with ordinary training and skill ... [Only] [d]efense strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel.
 
 
 16
 Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir.1984) (citing Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974)).
 
 
 17
 Deficient performance alone is insufficient to warrant relief on an ineffective assistance claim. The second prong of the Strickland test requires a showing of prejudice, i.e., that the outcome would have been different. Strickland, 466 U.S. at 687. This standard is met by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.
 
 
 18
 The court in Strickland cautioned a reviewing court:
 
 
 19
 Judicial scrutiny of counsel's performance must be highly deferential ... because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'.
 
 
 20
 Id. at 689, (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 21
 We find that under Strickland, the appellant was not denied the effective assistance of counsel. Counsel's performance did not fall below the objective standard of reasonableness under prevailing professional norms. As the magistrate noted, the issue of counsel's attempts to locate the witnesses was the subject of an evidentiary hearing conducted by the state trial court. The state court found that the likelihood of locating Rice was extremely remote. The state appellate court summarized the testimony presented at the evidentiary hearing as follows:
 
 
 22
 Appellant had no address or phone number for Mr. Rice. The only information appellant possessed as to Mr. Rice's whereabouts was the name and telephone numbers of two bars in Pensacola, Florida, which appellant had known him to visit. Appellant's attorney advised the appellant to go to Pensacola to search for Mr. Rice; appellant did so, but was unsuccessful.
 
 
 23
 Appellant could not remember whether or not he had told his attorney Mr. Hedio's address. Appellant was unable to locate Mr. Hedio before trial; every time he visited the store operated by Mr. Hedio, it was closed.
 
 
 24
 Appellant's counsel corroborated appellant's testimony about Mr. Rice. However, his attorney did not recall that his former client told him about Mr. Hedio. Appellant's attorney also testified that he had asked the trial judge for a continuance in order to find Mr. Rice, but that the judge denied the continuance because there was no address available for Mr. Rice.
 
 
 25
 From this testimony, it is clear that counsel did not fail to meet prevailing professional norms when he did not travel from Ohio to two bars in Pensacola, Florida, in search of Rice. The duty to investigate includes "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary". Strickland, 466 U.S. at 691. The reasonableness of the decision not to investigate must be judged according to the circumstances of each case with a heavy measure of deference given to counsel's judgment. Id. It is clear from the record that counsel was not ineffective in not producing witnesses. Counsel's judgment was reasonable in not pursuing the witness given that the appellant failed to provide him with specific identifiable witnesses.
 
 
 26
 We also find that counsel's performance did not so prejudice the appellant that he was denied a fair trial. We agree with the district court's statement that even if Rice had been located, it would have been highly unlikely that he would have incriminated himself by testifying at appellant's trial. Thus, no "reasonable possibility" exists that the proceedings would have been different but for the failure to locate Rice.
 
 
 27
 Accordingly, for the reasons set forth herein, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The court dismissed the aggravated robbery count. This action, however, did not affect the term of sentence